05-6254-cr
USA v. Paredes-Silva

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of August, two thousand and ten.

PRESENT:    JOHN M. WALKER, JR.,
            BARRINGTON D. PARKER,
                        *Circuit Judges*,
            P. KEVIN CASTEL,
                        *District Judge*.*

_____

UNITED STATES OF AMERICA,

                        *Appellee*,

            -v-

                                                Nos. 05-6254-cr(L)
                                                    06-0544-cr(CON)
                                                    06-1035-cr(CON)

AMADO RUDY FELIZ-RAMIREZ, ALBERTO SANTANA,
CARLOS RAMOS-VENEZUELA, JORGE OMAR GARCIA-MARTINEZ,

_____

*The Honorable P. Kevin Castel, of the United States District Court for the Southern District of New York, sitting by designation.

JUAN RAMOS-BREACH, JORGE HERNANDEZ, CARLOS BREACH-VEGA, JESUS BACA-ACOSTA, ADALBERTO ORTIZ, CESAR SANTANA, MARTIN ALDEZ-SOLIS, FRANCISCO JAVIER GARCIA-SERRATO AND RICHARD LAURENCE BOETA,

*Defendants*,

DANILLO PAREDES-SILVA, ALSO KNOWN AS DADAO, POLMAN TAVARES, GUSTAVO RAMOS,

*Defendants-Appellants.*

_____

For Defendant-Appellant Paredes-Silva:   David Wikstrom, New York, NY.

For Defendant-Appellant Tavares:   Dayna Ferebee, New York, NY.

For Defendant-Appellant Ramos:   Dawn M. Cardi, New York, NY.

For Appellee:   Lauren Goldberg, Assistant United States Attorney (Jonathan S. Kolodner, Assistant United States Attorney, *on the brief*) *for* Michael J. Garcia, United States Attorney for the Southern District of New York.

Appeal from judgments of the United States District Court for the Southern District of New York (Marrero, *J.*).

**UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the judgments of the district court are AFFIRMED.**

Defendants-Appellants each pleaded guilty to participation in a common conspiracy to distribute cocaine, and were sentenced in separate proceedings in the United States District Court for the Southern District of New York (Marrero, *J.*). We assume the parties' familiarity with the facts of these cases, their procedural histories, and the issues on appeal.

We review a district court's sentencing decisions for both substantive and procedural reasonableness. *See United States v. Rattoballi*, 452 F.3d 127, 131-32 (2d Cir. 2006).

2

A.    Polman Tavares

Tavares argues that his 120-month sentence was unreasonable because the district court failed to recognize its authority to impose a sentence below the statutory minimum, based on Tavares's eligibility for "safety valve" relief under 18 U.S.C. § 3553(f). The Probation Office, in its presentence report ("PSR"), determined that Tavares's total offense level under the Sentencing Guidelines was 33, carrying with it a range of 135 to 168 months' imprisonment. This offense level included a two-point downward adjustment based on the Probation Office's finding that Tavares had met the safety valve criteria set forth in U.S.S.G. § 5C1.2. The district court adopted the facts as found in the PSR, and accepted the calculation of Tavares's offense level and Guidelines range. The court also found that Tavares's relevant conduct encompassed more than 150 kilograms of cocaine, based in part on admissions Tavares made in his safety valve proffer.

The court concluded that a below-Guidelines sentence of 120 months' imprisonment was warranted, in light of the factors set forth in 18 U.S.C. § 3553(a) and to avoid disparities between Tavares's sentence and those of similarly situated co-defendants. Although the district judge never referred to a mandatory minimum in sentencing Tavares, the 120-month sentence imposed coincides with the minimum applied to offenses involving five kilograms or more of cocaine. *See* 21 U.S.C. §§ 841(b)(1)(A)(ii), 960(b)(1)(B).

We have held that once a district court determines that a defendant has met the criteria for safety valve eligibility under § 3553(f), "the court is required to disregard any mandatory minimum in imposing sentence." *United States v. Jeffers*, 329 F.3d 94, 100 (2d Cir. 2003). Neither the statute nor our case law, however, requires a district court in such circumstances to

3

impose a sentence *below* the mandatory minimum. It is clear from the record that Judge Marrero took into account Tavares's safety valve eligibility in determining the Guidelines range. *Cf.* *Jeffers*, 329 F.3d at 101 (noting that "if the District Court finds that [the defendant] has satisfied the safety valve criteria, he would ordinarily be entitled to a two-level downward adjustment in his offense level"). In choosing to apply a sentence below that range, there was no indication that the court believed it was bound by the statutory minimum, as Tavares suggests. As a result, the sole ground on which Tavares contests his sentence fails.

B.      Danillo Paredes-Silva

Paredes-Silva also received a sentence of 120 months' imprisonment for his role in the conspiracy. Like Tavares, his total offense level was calculated to be 33, resulting in a Guidelines range of 135 to 168 months' imprisonment. Paredes-Silva argues on appeal, as he did before the district court, that he should have been granted a two-level downward adjustment for minor role. *See* U.S.S.G. § 3B1.2(b). Had he received that reduction, he contends he then would have become eligible for a further four-level reduction, *see* U.S.S.G. § 2D1.1(a)(3), and his applicable Guidelines range would have been 70 to 87 months.

An adjustment for mitigating role under the Guidelines is available only when the defendant is "substantially less culpable than the average participant" in a criminal activity. U.S.S.G. § 3B1.2 cmt. n.3(A). A district court's determination as to whether a defendant qualifies for the adjustment is "fact-sensitive." *United States v. Yu*, 285 F.3d 192, 200 (2d Cir. 2002). Here, the district court rejected Paredes-Silva's argument that he merited the adjustment because his role in the conspiracy was that of a mere "delivery boy" or "gopher." The court pointed out that Paredes-Silva admitted that he knew the conspiracy involved significant

4

quantities of cocaine, and that along with other co-conspirators he had previously participated in the distribution of cocaine and heroin. Prior to his arrest, Paredes-Silva had been caught on tape discussing the drug transaction and notifying co-conspirators of the shipment's arrival. Moreover, we have in the past rejected the proposition that "one who is simply a courier is automatically entitled to a § 3B1.2 minor role adjustment based on that status," emphasizing that "[c]ouriers are indispensable to the smuggling and delivery of drugs and their proceeds." *United States v. Garcia*, 920 F.2d 153, 155 (2d Cir. 1990).

Because Paredes-Silva failed to demonstrate that he was substantially less culpable than the average co-conspirator, we conclude that the district court did not err in declining to grant a minor role adjustment.

C.      Gustavo Ramos

Ramos argues that the district court erroneously applied a three-level enhancement to his base offense level for his role as a manager or supervisor in the conspiracy. *See* U.S.S.G. § 3B1.1(b). Ramos received a sentence of 230 months' imprisonment, which fell below the Guidelines range of 262 to 327 months that the district court found applicable based on a total offense level of 38.

The district court found, based largely on Ramos's own admissions, that for over a year prior to his arrest Ramos had been responsible for organizing drug deliveries, arranging for the collection of proceeds from drug transactions, and overseeing other aspects of the conspiracy's drug activities. According to the PSR, Ramos traveled to New York with the primary purpose of supervising the cocaine delivery that led to his arrest, and had previously sent a co-conspirator to New York to reassure the local distributors. Wiretap evidence revealed Ramos giving directions

5

to the distributors regarding the pick-up of the drugs. There was also evidence that Ramos was responsible for collecting money related to the transaction. Without disputing any of this evidence, Ramos argues that there was an insufficient factual basis to support the district court's application of the aggravating role enhancement.

The Guidelines distinguish between the role of an "organizer or leader" of a criminal activity, for which a four-level enhancement is warranted, and that of a "manager or supervisor," which warrants the three-level enhancement applied here. *See* U.S.S.G. § 3B1.1 & cmt. n.4. The district court rejected the government's contention that Ramos qualified for the four-level leadership enhancement under § 3B1.1(a), based on the fact that Ramos took orders from higher-ups in the drug organization and did not himself own the drugs. The court's decision to apply a three-level enhancement, based on its finding that Ramos nonetheless acted as a manager or supervisor, is consistent with the Guidelines as well as with our own precedents. *See, e.g.*, *United States v. Blount*, 291 F.3d 201, 217 (2d Cir. 2002) (affirming application of a manager enhancement to defendant in a narcotics conspiracy who was "in charge of distributing bundles of cocaine packages to the street sellers and collecting the proceeds of their sales"); *United States v. Farah*, 991 F.2d 1065, 1067, 1068-69 (2d Cir. 1993) (applying a three-level enhancement to defendant who "served as a trusted 'right hand man' for . . . the admitted head of the [drug] conspiracy" and was responsible, *inter alia*, for "meeting foreign and domestic couriers, . . . meeting with the principal customer . . ., [and] collecting proceeds"). We conclude that in calculating Ramos's Guidelines range, the district court properly applied the § 3B1.1(b) aggravating role enhancement.

Ramos also contends that he received ineffective assistance of counsel, in violation of his

6

Sixth Amendment rights. We decline to consider this claim "[i]n light of our baseline aversion to resolving ineffectiveness claims on direct review." *United States v. Morgan*, 386 F.3d 376, 383 (2d Cir. 2004) (internal quotation marks omitted). Ramos remains free to pursue such a claim in a petition for a writ of habeas corpus under 28 U.S.C. § 2255. *See id*.; *see also Massaro v. United States*, 538 U.S. 500, 504 (2003) ("[I]n most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance.").

We have considered defendants-appellants' remaining arguments, and find that they lack merit.  Accordingly, the district court's judgments are AFFIRMED.

FOR THE COURT

Catherine O'Hagan Wofe, Clerk