11-2904-cr
USA v. Mota

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of October, two thousand twelve.

Present:
> GUIDO CALABRESI,
> ROBERT A. KATZMANN,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                      No. 11-2904-cr

JOSE MONTERO MOTA, AKA Jose Montero-Mota,

> *Defendant-Appellant*.

---

For Defendant-Appellant:          LAWRENCE S. KERBEN, Kerben & Associates, Kew Gardens, N.Y.

For Appellee:          JENNIFER BURNS (Katherine Polk Failla, *on the brief*), Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (McMahon, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Jose Montero Mota appeals from a judgment of conviction entered in the United States District Court for the Southern District of New York (McMahon, *J.*) following a one-day bench trial. Mota was convicted of conspiring to distribute and to possess with the intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. §§ 841(b)(1)(B) & 846. The Guidelines range was 63-78 months. On July 13, 2011, the district court principally sentenced Mota to 60 months of imprisonment. On appeal, Mota contends that the district court imposed an excessive sentence because he qualified for safety-valve relief pursuant to Section 5C1.2 of the United States Sentencing Guidelines but was nonetheless sentenced to a term equal to what the statutory mandatory minimum would have been. We presume the parties' familiarity with the facts and procedural history of this case.

We review a district court's sentence for "reasonableness, which is 'akin to review for abuse of discretion, under which we consider whether the sentencing judge exceeded the bounds of allowable discretion, committed an error of law in the course of exercising discretion, or made a clearly erroneous finding of fact.'" *United States v. Leslie*, 658 F.3d 140, 142 (2d Cir. 2011) (per curiam) (quoting *United States v. Williams*, 475 F.3d 468, 474 (2d Cir. 2007)). A district court commits "procedural error where it fails to calculate the Guidelines range (unless omission of the calculation is justified)," "makes a mistake in its Guidelines calculation," "treats the Guidelines as mandatory," "does not consider the § 3553(a) factors," "rests its sentence on a clearly erroneous finding of fact," or "fails adequately to explain its chosen sentence." *United*

2

*States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc) (citation omitted). Where the Court determines that there was no procedural error in a district court's sentencing, it "then considers the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard, taking into account the totality of the circumstances." *United States v. Rigas*, 583 F.3d 108, 121 (2d Cir. 2009) (internal quotation marks omitted). Although we do not presume that a sentence within the Guidelines range is reasonable, *United States v. Dorvee*, 616 F.3d 174, 183 (2d Cir. 2010), a district court's substantive determination will be set aside only "in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Cavera*, 550 F.3d at 189 (internal quotation marks omitted).

On appeal, Mota argues that the 60-month sentence imposed by the district court is "excessive" and "greater than necessary to comply with the legitimate purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2)." Appellant Br. 6. Specifically, he argues that because he was eligible for safety-valve relief, he should not have been sentenced to the mandatory minimum sentence, 60 months' imprisonment. He contends that the district court "did not apply the Safety Valve Relief," that the district court "overlooked the factors allowing the Safety Valve Relief to be applied," and that "the district court was determined to make an example out of Mr. Mota by providing as little to no relief as possible." *Id.* at 9.

Mota's arguments are unavailing. It is clear from the record that the district court understood that Mota was eligible for safety-valve relief as it specifically noted that Mota is "in a small subset of people who are eligible for safety valve treatment" and that it "appreciate[d] the fact that [it was] not required to impose the five-year mandatory minimum." *See* Addendum to Appellee Br. 5-6, 9-10. Contrary to Mota's contention, the fact that the district court was not required to sentence Mota to a 60-month mandatory minimum does not mean that the district

3

court lacked the discretion to sentence Mota to 60 months' imprisonment. *See United States v. Feliz-Ramirez*, 391 F. App'x 17, 19 (2d Cir. 2010) (noting that once a district court determines that a defendant is eligible for safety-valve relief, the "court is required to disregard any mandatory minimum in imposing sentence" but that "[n]either the statute nor our case law . . . requires a district court in such circumstances to impose a sentence *below* the mandatory minimum." (internal quotation marks omitted)). Given the amount of heroin involved in the defendant's crime, the district court was entitled to conclude that a sentence of 60 months of imprisonment, a sentence that is three months below the lower end of the Guidelines range, was appropriate in this case.

We have considered all of the defendant's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4