10-2994-cr
United States v. Leslie

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

_____

August Term, 2011

(Argued: September 13, 2011          Decided: October 3, 2011)

Docket No. 10-2994-cr

_____

UNITED STATES OF AMERICA,

*Appellee*,

–v.–

SADIKI KOMUNYAKA LESLIE,

*Defendant-Appellant*.[*]

_____

Before:
          CALABRESI, WESLEY, and LYNCH, *Circuit Judges*.

Appeal from a judgment of the United States District Court for the District of Connecticut (Thompson, *C.J.*), entered on July 12, 2010, sentencing defendant to 51-months imprisonment. Defendant pled guilty to conspiring to commit bank fraud. At sentencing, the district court determined that defendant was responsible for actual losses incurred during the entire period of the charged conspiracy. Defendant argues that the district court should not have attributed any losses to him after he was incarcerated because his incarceration constituted a withdrawal from the conspiracy. We hold that the district court did not err in calculating the appropriate Sentencing Guidelines range

_____

[*] The Clerk of Court is directed to amend the caption as set forth above.

because defendant did not establish that he withdrew from the conspiracy.

**AFFIRMED.**

---

WILLIAM T. KOCH, JR., Koch and Koch, Lyme, CT, *for Defendant-Appellant*.

DAVID T. HUANG, Assistant United States Attorney (Sandra S. Glover, Assistant United States Attorney, *on the brief*), for David B. Fein, United States Attorney for the District of Connecticut, New Haven, CT, *for Appellee*.

---

PER CURIAM:

Defendant-Appellant Sadiki Komunyaka Leslie appeals from a July 12, 2010 judgment of the United States District Court for the District of Connecticut (Thompson, *C.J.*), following his guilty plea to conspiring to commit bank fraud in violation of 18 U.S.C. § 1349.  At sentencing, Leslie argued that he was not responsible for the losses incurred during the time period he was incarcerated because his incarceration was evidence of his withdrawal from the conspiracy.  The district court disagreed and attributed the actual losses incurred during the entire conspiracy to Leslie when it calculated his Sentencing Guidelines range.  The district court sentenced Leslie to 51-months

imprisonment.  On appeal, Leslie argues that his incarceration was prima facie evidence that he withdrew from the conspiracy, which then shifted the burden to the government to prove the contrary.  We disagree and find that the defendant failed to meet his burden of proving affirmative conduct necessary to show withdrawal.

## Background

Leslie devised and led a conspiracy to commit bank fraud in the greater Bridgeport, Connecticut area beginning in early 2004.  Leslie and his co-conspirators took advantage of a flaw in the Bridgeport-based People's Bank's automated teller machine ("ATM") system.  They first obtained checks associated with closed bank accounts or open accounts with little or no balance.  They then deposited those checks at ATMs with ATM cards associated with open bank accounts, knowing that the checks would not be honored by the bank from which the check was issued.  The fraudulently deposited checks became available for withdrawal before People's Bank could detect the fraud.  During that period, Leslie and his co-conspirators withdrew the ATM maximum daily limit from the respective accounts and made additional cash withdrawals when they used the ATM card

3

for purchases.  Leslie devised the scheme and taught others how to execute it.  Leslie's students recruited others to join the conspiracy.

Leslie was arrested on state charges and pled guilty in Connecticut Superior Court for bank fraud activity from 2004 to April 2005.  While Leslie remained free on bond from April 2005 to June 2005, he continued to participate in the bank fraud conspiracy.  On July 1, 2005, Leslie began serving his four year state prison sentence.  He was released from prison on March 16, 2007, but was incarcerated again on July 24, 2007 for a parole violation.  During Leslie's incarceration, his co-conspirators continued the scheme.  In 2009, Leslie was transferred to federal custody; the federal government charged him with the subject federal crime covering the period April 2005 to December 2007.

As part of the plea agreement, the parties agreed that the total actual loss from the conspiracy was $310,475 and that the total amount of intended loss from the scheme was $509,447.  At sentencing, Leslie argued that he was only responsible for $60,400—the amount of losses from the start of the charged conspiracy in April 2005 to his incarceration on July 1, 2005.  This loss amount would have resulted in a

4

six-level enhancement under the Guidelines, *see* U.S.S.G. § 2B1.1(b)(1)(D), and an imprisonment range of 27-33 months. The district court rejected Leslie's argument that he had withdrawn from the conspiracy when he was incarcerated. Accordingly, the district court agreed with the government that the intended loss from the entire conspiracy was attributable to Leslie, resulting in a fourteen-level enhancement under the Guidelines. *See* U.S.S.G. § 2B1.1(b)(1)(H). The district court, however, determining that it was more appropriate to assess only the actual losses to Leslie, calculated an imprisonment range of 51 to 63 months. Leslie now appeals the 51-month sentence imposed by the district court.

**Discussion**

Leslie argues that the district court erred when it attributed losses to him that were incurred as a result of the conspiracy after he was incarcerated. We review a sentence for reasonableness, which is "akin to review for abuse of discretion, under which we consider whether the sentencing judge exceeded the bounds of allowable discretion, committed an error of law in the course of exercising discretion, or made a clearly erroneous finding

5

of fact." *United States v. Williams*, 475 F.3d 468, 474 (2d Cir. 2007) (internal quotation marks and ellipses omitted). "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Markle*, 628 F.3d 58, 63 (2d Cir. 2010) (quoting *United States v. Lin Guang*, 511 F.3d 110, 122 (2d Cir. 2007)).

On appeal, Leslie argues that his incarceration was prima facie evidence that he withdrew from the conspiracy, which then shifted the burden to the government to prove that he remained in the conspiracy. This Court has yet to squarely address this argument in the sentencing context.[1] However, our case law counsels that, notwithstanding his incarceration, the burden should remain on Leslie to prove that he affirmatively withdrew from the conspiracy. Leslie failed to meet that burden.

As an initial matter, it is well-settled that

---

[1] In *United States v. Borelli*, 336 F.2d 376 (2d Cir. 1964), we briefly addressed the argument in the context of a defendant challenging his conviction for conspiring to violate the Narcotic Drugs and Import and Export Act. Although we did not decide the issue, we found the proposition that confinement is sufficient to constitute withdrawal "unless the Government comes forward with evidence of continued participation" difficult to reconcile with Supreme Court precedent. *Id.* at 389.

6

withdrawal from a conspiracy is an affirmative defense for which the defendant bears the burden of proof at trial. *United States v. Pizzonia*, 577 F.3d 455, 466 (2d Cir. 2009); *United States v. Flaharty*, 295 F.3d 182, 192 (2d Cir. 2002). Mere cessation of the conspiratorial activity by the defendant is not sufficient to prove withdrawal. *United States v. Eppolito*, 543 F.3d 25, 49 (2d Cir. 2008); *Flaharty*, 295 F.3d at 192. The defendant "must also show that he performed some act that affirmatively established that he disavowed his criminal association with the conspiracy, either the making of a clean breast to the authorities, or communication of the abandonment in a manner reasonably calculated to reach co-conspirators." *Eppolito*, 543 F.3d at 49 (citations and internal quotation marks omitted). "Unless a conspirator produces affirmative evidence of withdrawal, his participation in a conspiracy is presumed to continue until the last overt act by any of the conspirators." *United States v. Diaz*, 176 F.3d 52, 98 (2d Cir. 1999) (quoting *United States v. Greenfield*, 44 F.3d 1141, 1150 (2d Cir. 1995)).

We find no reason why placement of the burden should be

7

any different in the sentencing context.[2]  Indeed, we have already noted, in another sentencing context, that incarceration does not create a rebuttable presumption of withdrawal from a conspiracy.  *United States v. Massino*, 546 F.3d 123, 136 (2d Cir. 2008) (per curiam).  In *Massino*, the district court used the post-2004 Sentencing Guidelines because it found that the defendant's involvement in the conspiracy continued beyond his arrest and incarceration in 2003.  *Id.*  On appeal, we rejected Massino's argument that the government had to rebut the presumption that he had withdrawn from the conspiracy due to his incarceration.  *Id.* We see no difference between Massino's argument and Leslie's.  Accordingly, notwithstanding Leslie's incarceration, the burden remained on Leslie to prove that he withdrew from the conspiracy.

Leslie argues that imprisonment may be evidence of an affirmative act of withdrawal from a conspiracy; we agree. But "while arrest or incarceration *may* constitute a

_____

[2] Other circuits have similarly held that the defendant should bear the burden of proving withdrawal from the conspiracy at sentencing.  *See United States v. Zimmer*, 299 F.3d 710, 723 (8th Cir. 2002); *United States v. Schorovsky*, 202 F.3d 727, 729 (5th Cir. 2000); *United States v. Dale*, 991 F.2d 819, 854 (D.C. Cir. 1993); *United States v. Watford*, 894 F.2d 665, 670 (4th Cir. 1990).

8

withdrawal from a conspiracy, it does not follow that in every instance it *must.*" *Flaharty*, 295 F.3d at 192 (internal quotation marks omitted). In the trial context, evidence of imprisonment during a conspiracy is merely a relevant fact that entitles the defendant to a jury instruction on withdrawal. *See id.* at 193; *Diaz*, 176 F.3d at 98. The jury decides whether imprisonment constitutes a withdrawal "in light of the length and location of the internment, the nature of the conspiracy, and any other available evidence." *United States v. Panebianco*, 543 F.2d 447, 454 n.5 (2d Cir. 1976). We have never held that a jury must find a withdrawal if the government does not prove that the defendant continued in the conspiracy after imprisonment.[3] For the same reasons we will not require a judge to make a similar finding at sentencing. The burden remains on the defendant to present affirmative evidence

---

[3] In *United States v. Morales*, 185 F.3d 74 (2d Cir. 1999), this Court held that no rational jury could have found, beyond a reasonable doubt, that a criminal enterprise continued for the duration charged because, *inter alia*, the government did not present sufficient evidence to show that the enterprise continued during the seven-year period that the defendants were incarcerated. *Id.* at 81. That holding, however, was not based solely on the government's failure to present sufficient evidence. Rather, our holding was motivated by the dearth of evidence of activity during the incarceration and the length of the incarceration. *Id. Morales*, therefore, is distinguishable and does not support Leslie's argument here.

that he withdrew from the conspiracy. The defendant's imprisonment is but one fact to consider in deciding whether withdrawal occurred.

Here, the district court did not err in determining that Leslie failed to meet his burden of proving that he withdrew from the bank fraud conspiracy. Leslie's imprisonment did not, as a matter of law, constitute a withdrawal from the conspiracy. *See United States v. Salameh*, 152 F.3d 88, 155 (2d Cir. 1998) (per curiam). He conceded at sentencing that he had no evidence to offer other than the mere fact of his incarceration to suggest that he withdrew from the conspiracy. In the absence of any other evidence of withdrawal, Leslie's imprisonment was tantamount to a "resignation from a criminal enterprise, [which,] standing alone, does not constitute withdrawal." *United States v. Berger*, 224 F.3d 107, 118 (2d Cir. 2000).[4] Leslie devised the bank fraud scheme, executed it, and

---

[4] Other circuits have similarly held that incarceration alone is not sufficient evidence of an affirmative act of withdrawal from a conspiracy. *See United States v. Fishman*, 645 F.3d 1175, 1196–97 (10th Cir. 2011); *United States v. Robinson*, 390 F.3d 853, 882 (6th Cir. 2004); *United States v. Benabe*, No. 09-1190, 2011 WL 3624961, at *12 (7th Cir. Aug. 18, 2011); *United States v. Lopez*, 403 F. App'x 362, 372 (11th Cir. 2010); *Untied States v. Zamudio-Orosco*, 405 F. App'x 83, 84–85 (8th Cir. 2010).

taught it to others who continued to use the scheme to steal thousands of dollars during Leslie's incarceration. Leslie never told the authorities how to stop the conspiracy nor did he inform the authorities or his co-conspirators that he had abandoned the conspiracy. *See Eppolito*, 543 F.3d at 49. Accordingly, the district court did not err in concluding that Leslie remained in the conspiracy during his imprisonment while his co-conspirators continued to defraud the bank. *See Diaz*, 176 F.3d at 98.

Leslie's reliance on cases from the Third Circuit to support his burden-shifting argument is misplaced. Those cases do not address incarceration at all. *See United States v. Steele*, 685 F.2d 793 (3d Cir. 1982); *United States v. Lowell*, 649 F.2d 950 (3d Cir. 1981). Furthermore, both Third Circuit cases support our view that mere cessation of conspiratorial activity is not sufficient to constitute withdrawal from a conspiracy. *See Steele*, 685 F.2d at 803-804; *Lowell*, 649 F.2d at 955.

Finally, there is evidence in the record that Leslie did not withdraw from the conspiracy during his incarceration. While out of prison in 2008, Leslie met with an unindicted co-conspirator who told Leslie that the bank

11

fraud scheme was still ongoing.  *See Flaharty*, 295 F.3d at 193.  The evidence before the sentencing court of Leslie's incarceration; the nature of the bank fraud conspiracy that he formulated, led, and executed; and Leslie's contact with a co-conspirator upon his release from prison support the district court's finding that Leslie did not withdraw from the conspiracy during his incarceration.  Accordingly, the district court did not err in attributing the actual losses of the entire conspiracy to Leslie.

## Conclusion

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.