10-4535-cr
USA v. Hall

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of  December, two thousand eleven.

Present:
        ROBERT D. SACK,
        ROBERT A. KATZMANN,
        BARRINGTON D. PARKER,
                *Circuit Judges.*
_____

UNITED STATES OF AMERICA,

        *Appellee*,

           v.                           No. 10-4535-cr

CLYDE HALL, AKA Clyde W. Hall, AKA Peter Hall,

        *Defendant-Appellant*,

ANNE HALL, AKA Anne Torselius, AKA Anne Torselius Hall,

        *Defendant*.
_____

For Defendant-Appellant:        Paul J. Angioletti, Law Office of Paul J. Angioletti, Staten Island, N.Y.

For Appellee:                          Thomas G.A. Brown, Katherine Polk Failla, Assistant
                                       United States Attorneys, *of counsel*, *for* Preet Bharara,
                                       United States Attorney for the Southern District of New
                                       York, New York, N.Y.


        Appeal from the United States District Court for the Southern District of New York
(Sullivan, *J.*).

        **ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and

**DECREED** that the judgment of the district court is **AFFIRMED**.

        Defendant-Appellant Clyde Hall appeals from a judgment of conviction of the United

States District Court for the Southern District of New York (Sullivan, *J.*), entered on October 27,

2010, following a guilty plea to one count of conspiracy to commit wire fraud, five counts of

wire fraud, and one count of conspiracy to commit bankruptcy fraud, and sentencing defendant

principally to twenty years' imprisonment.  On appeal, Hall contends that the district court erred

in (1) imposing a sentencing enhancement for obstruction of justice and (2) rendering a

substantively unreasonable sentence.  We presume the parties' familiarity with the facts and

procedural history of this case.

        We review a district court's sentence for "reasonableness," "which is 'akin to review for

abuse of discretion, under which we consider whether the sentencing judge exceeded the bounds

of allowable discretion, committed an error of law in the course of exercising discretion, or made

a clearly erroneous finding of fact.'"  *United States v. Leslie*, 658 F.3d 140, 142 (2d Cir. 2011)

(per curiam) (quoting *United States v. Williams*, 475 F.3d 468, 474 (2d Cir. 2007)).  A district

court commits "procedural error where it fails to calculate the Guidelines range (unless omission

of the calculation is justified)," "makes a mistake in its Guidelines calculation," "treats the

Guidelines as mandatory," "does not consider the § 3553(a) factors," "rests its sentence on a

2

clearly erroneous finding of fact," or "fails adequately to explain its chosen sentence." *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008). Where the Court determines that there was no procedural error in a district court's sentencing, it "then considers the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard, taking into account the totality of the circumstances." *United States v. Rigas*, 583 F.3d 108, 121 (2d Cir. 2009) (internal quotation marks omitted). Although we do not presume that a sentence within the Guidelines range is reasonable, *United States v. Dorvee*, 616 F.3d 174, 183 (2d Cir. 2010), a district court's substantive findings will be set aside only "in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Rigas*, 583 F.3d at 122 (internal quotation marks omitted).

Turning first to Hall's contention that the district court erred in imposing a two-level enhancement for obstruction of justice, Section 3C1.1 of the United States Sentencing Guidelines instructs the district court to increase the offense level by two levels if "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction" and "the obstructive conduct related to . . . the defendant's offense of conviction." This enhancement applies specifically to "committing, suborning, or attempting to suborn perjury." U.S.S.G § 3C1.1, cmt. n.4(B). We have held that this enhancement may be imposed "on the basis of a defendant's knowingly false affidavit submitted in support of a motion to suppress if the affidavit could have influenced disposition of the suppression motion." *United States v. Lincecum*, 220 F.3d 77, 80 (2d Cir. 2000) (per curiam).

Hall challenges the district court's application of the obstruction enhancement on two grounds: first, that in determining Hall's intent to obstruct, the district court failed to consider that Hall's affidavit was recounting events from over a year before and thus that his conduct may not have been intentional; and second, that he was deprived of a meaningful opportunity to contest the finding of obstruction because he never received notice of the potential enhancement. As to Hall's first contention, we review a district court's factual determinations on obstruction under a "clearly erroneous" standard, *United States v. Cassiliano*, 137 F.3d 742, 745 (2d Cir. 1998), giving "special deference" to conclusions based on observations of testimony, *United States v. Beverly*, 5 F.3d 633, 642 (2d Cir. 1993). Here, we cannot conclude that the district court clearly erred in finding that Hall submitted an intentionally false affidavit. After listening to testimony from both the government's and Hall's witnesses and reviewing the detailed affidavit submitted by Hall, the district court was entitled to conclude that Hall's affidavit was "false and intentionally so" and that Hall's daughter and sister also provided testimony that was "false, knowingly false at that." App. 207. Accordingly, the record is more than sufficient to support the district court's finding of willful obstruction of justice.

As to Hall's argument that he did not have adequate notice of the potential obstruction enhancement, Federal Rule of Criminal Procedure 32(h) requires that "[b]efore the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure." And, despite the fact that the Guidelines are no longer mandatory, "[s]ound practice dictates that judges in all cases should make sure that the information provided to the parties in advance of the [sentencing] hearing,

4

and in the hearing itself, has given them an adequate opportunity to confront and debate the relevant issues." *Irizarry v. United States*, 553 U.S. 708, 715 (2008). In this case, Hall received ample notice of the potential enhancement. The government's presentence submission clearly stated that "[a]lthough the Government at this time is not specifically seeking to increase Clyde Hall's offense level by two levels, pursuant to U.S.S.G. § 3C1.1., in light [of] his fraudulent affidavit or witness testimony at the suppression hearing, the Government submits that the record is sufficient for the Court to make such a finding." Supplemental App. 294. The submission also outlined the evidence in the record that supported each element of § 3C1.1. Furthermore, defense counsel was given the opportunity at the hearing to assert Hall's primary objection to the enhancement, namely that the affidavit represented his best recollection at the time.

We next turn to Hall's contention that the sentence imposed by the district court is substantively unreasonable. Hall principally argues that the sentence is substantively unreasonable for three reasons: (1) the loss amount used to calculate his sentence overstates his criminal conduct; (2) his sentence is more severe than the sentences imposed on other defendants convicted of similar crimes; and (3) the district court relied on a flawed deterrence rationale in imposing Hall's sentence. All three of these arguments are unavailing.

As to the loss amount of $28 million, we conclude that it is a reasonable estimate of the amount of loss Hall intended to cause and thus does not overstate his criminal conduct. *See United States v. Canova*, 412 F.3d 331, 352 (2d Cir. 2005) (noting that "in applying the Sentencing Guidelines, 'loss need not be determined with precision'" and that a sentencing court "'need only make a reasonable estimate of the loss, given the available information'" (quoting U.S.S.G. § 2F1.1, cmt. n.9)).

As to Hall's argument that his sentence is more severe than the sentences imposed on other similarly situated defendants, we first observe that Hall's chart comparing his sentence to the sentences of other defendants provides very little information about the individual factors in each case so it is difficult to determine whether the other cases are truly comparable to Hall's case. In any event, while some of the cases Hall references involve greater monetary losses than this case, the district court reasonably concluded, from the totality of evidence heard at trial and in related proceedings, that Hall merited a severe sentence given the "sheer number of frauds that [he] engaged in and the audacity of them," and the fact that his "immense" frauds were committed "over an extremely long period of time, with real victims who are still living with the pain and suffering that [he] caused." App. 241-42.

Finally, we cannot agree with Hall's contention that the district court relied on a flawed deterrence rationale in imposing Hall's sentence. While Hall points to studies indicating that recidivism generally declines with age, the district court was entitled to find, as it did, that given Hall's history of committing frauds and the fact that his age did not prevent him from committing the crimes at issue in this case, he was very likely to commit additional crimes if the district court imposed too lenient a sentence. Mindful of the fact that the "'sentencing judge has access to, and greater familiarity with, the individual case and the individual defendant before him than the Commission or the appeals court,'" *Gall v. United States*, 552 U.S. 38, 51-52 (2007) (quoting *Rita v. United States*, 551 U.S. 338, 357-58 (2007)), we cannot conclude that the Guidelines sentence imposed by the district court is substantively unreasonable. *See United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006) ("[I]n the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances.").

We have considered Defendant-Appellant's remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK