10-2530-cr
USA v. Juvenile Male PO

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of February, two thousand twelve.

Present:
       ROBERT A. KATZMANN,
       BARRINGTON D. PARKER,
              *Circuit Judges*,
       JANE A. RESTANI,
              *Judge*.[*]

_____

UNITED STATES OF AMERICA,

              *Appellee*,

              v.                                          No. 10-2530-cr

JUVENILE MALE PO,

              *Defendant-Appellant*.

_____


For Defendant-Appellant:              Jane S. Meyers, Law Office of Jane S. Meyers,
                                      Brooklyn, N.Y.

_____

[*] The Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting by designation.

For Appellee:                                        Richard P. Donoghue, David C. James, Assistant
                                                     United States Attorneys, *of counsel*, *for* Loretta E.
                                                     Lynch, United States Attorney for the Eastern District
                                                     of New York.


        Appeal from the United States District Court for the Eastern District of New York
(Wexler, *J.*).

        **ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and

**DECREED** that the judgment of the district court is **AFFIRMED**.

        Defendant-Appellant Juvenile Male PO appeals from a judgment entered on August 2,

2006 in the United States District Court for the Eastern District of New York (Wexler, *J.*).

Following a guilty plea, Juvenile Male PO was convicted of one count of assault resulting in

serious bodily injury in aid of a racketeering activity, in violation of 18 U.S.C. § 1959(a)(3).  He

was sentenced to ten years' imprisonment, three years of supervised release, and a $100 special

assessment.  On appeal, the defendant claims that the district court's sentence is procedurally and

substantively unreasonable. We presume the parties' familiarity with the facts and procedural

history of this case.

        We review a district court's sentence for "reasonableness," "which is 'akin to review for

abuse of discretion, under which we consider whether the sentencing judge exceeded the bounds

of allowable discretion, committed an error of law in the course of exercising discretion, or made

a clearly erroneous finding of fact.'"  *United States v. Leslie*, 658 F.3d 140, 142 (2d Cir. 2011)

(per curiam) (quoting *United States v. Williams*, 475 F.3d 468, 474 (2d Cir. 2007)).  A district

court commits "procedural error where it fails to calculate the Guidelines range (unless omission

of the calculation is justified)," "makes a mistake in its Guidelines calculation," "treats the

Guidelines as mandatory," "does not consider the § 3553(a) factors," "rests its sentence on a

2

clearly erroneous finding of fact," or "fails adequately to explain its chosen sentence." *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008). Where the Court determines that there was no procedural error in a district court's sentencing, it "then considers the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard, taking into account the totality of the circumstances." *United States v. Rigas*, 583 F.3d 108, 121 (2d Cir. 2009) (internal quotation marks omitted).

A district court is authorized to depart from a Guidelines range if the court finds that "there exists an aggravating or mitigation circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C. § 3553(b). Section 5K2.0 incorporates this statutory provision into the Guidelines:

> This subpart . . . identifies some of the circumstances that the Commission may have not adequately taken into consideration in determining the applicable guideline range (*e.g.*, as a specific offense characteristic or other adjustment). If any such circumstance is present in the case and has not adequately been taken into consideration in determining the application guideline range, a departure consistent with 18 U.S.C. § 3553(b) and the provisions of this subpart may be warranted.

U.S.S.G. § 5K2.0.

Sections 5K2.1 through 5K2.23 set forth departure grounds specifically contemplated by the Sentencing Commission. Section 5K2.2 provides for an upward departure in cases where "significant physical injury resulted." *Id.* § 5K2.2. "The extent of the increase ordinarily should depend on the extent of the injury, the degree to which it may prove permanent, and the extent to which the injury was intended or knowingly risked. When the victim suffers a major, permanent disability and when such injury was intentionally inflicted, a substantial departure may be appropriate." *Id.*

3

Turning first to procedural reasonableness, Juvenile Male PO argues that the district court committed procedural error because it exclusively based its sentence upon the degree of injury that the victim suffered and did not properly consider all of the factors enumerated in 18 U.S.C. § 3553(a). In support of his argument that the district court relied solely upon the level of injury, the defendant notes that the only question posed by the district court during sentencing was directed to the victim's wife and was about the victim's current condition. He further contends that the district court gave inadequate attention to the defendant's particular history and characteristics. This argument is unavailing. Here, the district court properly advised counsel at the beginning of the sentencing that it was considering an upward departure and offered the defendant an adjournment so defense counsel could fully address the grounds for the upward departure. After hearing arguments from counsel and calculating the Guidelines range, the district court then indicated that it was going to depart upward from the Guidelines range based on § 5K2.2, "the seriousness of the injury," but noted that, in imposing sentence, it was also "considering 3553(a), as to all the other matters I'm supposed to consider." App. 71. Thus, while it is true that the district court based its decision to depart from the Guidelines on the extraordinary injuries suffered by the victim, the district court did not solely base its sentence on that one consideration.

Turning to substantive reasonableness, the defendant argues that the sentence is unreasonably harsh because the victim's injury does not justify the great disparity between the Guidelines range for his crime—46 to 57 months—and the sentence imposed—120 months. We disagree. In this case, the defendant and his fellow gang members inflicted extraordinary injury upon an innocent security guard, resulting in immense suffering by the victim and his loved

4

ones.  As a result of being beaten by the defendant and his associates, the victim is missing the left side of his brain, is likely in a permanent coma, and has to be fed through a feeding tube. Accordingly, because the victim has "suffer[ed] a major, permanent disability" and because "such injury was intentionally inflicted," *see* U.S.S.G. § 5K2.2, we cannot conclude that the district court abused its discretion in choosing to upwardly depart from the Guidelines range and sentence the defendant to ten years' imprisonment.

We have considered all of Defendant-Appellant's remaining arguments and find them to be without merit.  Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK