10-1235-cr(L)
USA v. Torres-Cespedes, Baez-Algarin

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of February, two thousand twelve.

Present:
>    ROBERT A. KATZMANN,
>    BARRINGTON D. PARKER,
>            *Circuit Judges*,
>    JANE A. RESTANI,
>            *Judge*.[*]

---

UNITED STATES OF AMERICA,

>        *Appellee*,

>        v.                                   Nos. 10-1235-cr(L), 10-1299(CON)

CHRISTIAN DAVID TORRES-CESPEDES, JEAN CARLOS BAEZ-ALGARIN, ANGEL VELEZ-TORRES,

>        *Defendants-Appellants*.[**]

---

[*]The Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting by designation.

[**] The Clerk of the Court is directed to amend the caption to read as shown above.

For Defendant-Appellant Torres-Cespedes:   Jeremiah Donovan, Old Saybrook, Conn.

For Defendant-Appellant Baez-Algarin:   Katherine Alfieri, Law Offices of Katherine Alfieri, New York, N.Y.

For Appellee:   Chi T. Steve Kwok, Andrew L. Fish, Assistant United States Attorneys, *of counsel*, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Pauley, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgments of the district court are **AFFIRMED**.

Defendants-appellants Christian David Torres-Cespedes and Jean Carlos Baez-Algarin appeal from judgments of conviction entered on March 13, 2009, in the United States District Court for the Southern District of New York (Pauley, *J.*), following guilty pleas. On November 30, 2007, Torres-Cespedes and Baez-Algarin were charged in two separate indictments, one filed in New York and the other filed in New Jersey. The first indictment charged Torres-Cespedes, Baez-Algarin and Angel Velez-Torres[1] with conspiring to distribute and to possess with intent to distribute five kilograms or more of cocaine, in violation 21 U.S.C. § 846, and the second indictment charged Torres-Cespedes, Baez-Algarin and Velez-Torres each with one count of distributing and possessing with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 841(a) and (b)(1)(A)(ii) and 18 U.S.C. § 2. On March 17, 2008, the second indictment was transferred from New Jersey to the Southern District of New York

---

[1] Velez-Torres filed a notice of appeal, but we dismissed the appeal for failure to pay the required filing fee or to move for *in forma pauperis* status.

2

pursuant to Rule 20 of the Federal Rules of Criminal Procedure. On May 15, 2008, Torres-Cespedes and Baez-Algarin each pleaded guilty to the charges against them in the two indictments. On March 11, 2009, the district court sentenced Torres-Cespedes and Baez-Algarin each to a term of 108 months' imprisonment, to be followed by five years of supervised release, and a $200 special assessment. On appeal, Baez-Algarin challenges the procedural reasonableness of his sentence, arguing that the district court did not make "specific factual findings in support of its drug weight determination." Baez-Algarin Br. 18. In addition, both Torres-Cespedes and Baez-Algarin argue that the district court imposed substantively unreasonable sentences. Specifically, they contend that the district court gave insufficient weight to certain of the factors enumerated in 18 U.S.C. § 3553(a), such as their youth, the fact that they had no prior criminal history, and the fact that their crimes were not violent. We presume the parties' familiarity with the facts and procedural history of this case.

We review a district court's sentence for "reasonableness, which is 'akin to review for abuse of discretion, under which we consider whether the sentencing judge exceeded the bounds of allowable discretion, committed an error of law in the course of exercising discretion, or made a clearly erroneous finding of fact.'" *United States v. Leslie*, 658 F.3d 140, 142 (2d Cir. 2011) (per curiam) (quoting *United States v. Williams*, 475 F.3d 468, 474 (2d Cir. 2007)). A district court commits "procedural error where it fails to calculate the Guidelines range (unless omission of the calculation is justified)," "makes a mistake in its Guidelines calculation," "treats the Guidelines as mandatory," "does not consider the § 3553(a) factors," "rests its sentence on a clearly erroneous finding of fact," or "fails adequately to explain its chosen sentence." *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc). Where the Court determines that there was no procedural error in a district court's sentencing, it "then considers the substantive

3

reasonableness of the sentence imposed under an abuse-of-discretion standard, taking into account the totality of the circumstances." *United States v. Rigas*, 583 F.3d 108, 121 (2d Cir. 2009) (internal quotation marks omitted). Although we do not presume that a sentence within the Guidelines range is reasonable, *United States v. Dorvee*, 616 F.3d 174, 183 (2d Cir. 2010), a district court's substantive findings will be set aside only "in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Cavera*, 550 F.3d at 189 (internal quotation marks omitted).

We first turn to Baez-Algarin's contention that the district court committed procedural error for failing to make specific factual findings in support of its drug weight determination. A sentencing court "may accept any undisputed portion of the presentence report as a finding of fact," Fed. R. Crim. P. 32(i)(3)(A), and factual findings that were not disputed in the district court may not be challenged on appeal, *United States v. Eberhard*, 525 F.3d 175, 179 (2d Cir. 2008) ("[Because] Eberhard failed to object when the enhancement was recommended in the PSR[,] [w]e therefore deem his challenge waived and decline to consider it on appeal."). *See also United States v. Rizzo*, 349 F.3d 94, 99 (2d Cir. 2003) ("[I]f a defendant fails to challenge certain factual matters contained in the presentence report at the time of sentencing, the defendant waives the right to contest them on appeal."). Here, Baez-Algarin did not dispute the drug quantity calculation set forth in the PSR before the district court, and his counsel stated in open court that he had no objections to the factual recitation that was set forth in the PSR and subsequently adopted by the district court. Thus, Baez-Algarin waived his challenge to the drug quantity calculation.

We next turn to defendants' argument that the district court imposed substantively unreasonable sentences. Notwithstanding the Guidelines range of 135 to 168 months'

4

imprisonment, the district court sentenced both Baez-Algarin and Torres-Cespedes to 108 months' imprisonment. The district court concluded that a Guidelines sentence was not warranted for two reasons: (1) "at least some of the conduct that the defendants engaged in would likely not have come to the attention of the government had the defendants not been truthful with the Court in their efforts to secure a cooperation agreement," and (2) the defendants "got[] caught up in this vast narcotics conspiracy at a very early age." Torres-Cespedes App. 94. Still, the district court reasoned that serious prison time was warranted because "the criminal conduct was not an isolated incident or a momentary lapse by any of the defendants" and there was a need for general deterrence. *Id.* at 94. The district court also observed that because of defendants' actions, "significant pain and injury has been inflicted on the American population." *Id.* at 95. While the defendants argue that their sentences are unreasonably harsh in light of various factors—including that they were young at the time of the offenses, they had no prior criminal history, and they had attempted to cooperate with the government—all of these factors were properly considered by the district court. While certain factors may militate in the defendants' favor, the district court was entitled to conclude that other factors, such as the seriousness of the offenses and the need for general deterrence, warranted harsher sentences. Accordingly, we conclude that Defendants-Appellants' sentences fall within the "range of permissible decisions" that the district court is entitled to make. *Cavera*, 550 F.3d at 190.

    We have considered all of defendants-appellants' remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgments of the district court are **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

5