11-2424-cr
USA v. Cordoba-Bermudez

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of August, two thousand twelve.

Present:
> ROBERT A. KATZMANN,
> RICHARD C. WESLEY,
> PETER W. HALL,
> > *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                        No. 11-2424-cr

LUIS FERNANDO MORA-PESTANA, JULIO ENRIQUE LEMOS-MORENO, RUBEN SEGURA HAROLD ALVAREZ,

> *Defendants*,

JUANITO CORDOBA-BERMUDEZ, AKA Juanito, AKA Chechere,

> *Defendant-Appellant*.

_____

For Defendant-Appellant:                    FRANCISCO E. CELEDONIO, Law Office of
                                            Francisco E. Celedonio, Esq., New York, N.Y.

For Appellee:                                    JEFFREY A. BROWN (Rebecca Monck
                                                 Ricigliano, Justin S. Weddle, *on the brief*),
                                                 Assistant United States Attorneys, *for* Preet
                                                 Bharara, United States Attorney for the
                                                 Southern District of New York, New York,
                                                 N.Y.

Appeal from the United States District Court for the Southern District of New York (Chin, *J.*).[*]

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Juanito Cordoba-Bermudez ("Cordoba" or the "defendant") appeals from a judgment of conviction entered on June 6, 2011 in the United States District Court for the Southern District of New York (Chin, *J.*),  following a guilty plea to the sole count in the indictment, conspiracy to provide material support to a foreign terrorist organization, in violation of 18 U.S.C. § 2339B.  On June 1, 2011, the district court principally sentenced Cordoba to a term of 180 months' incarceration.  On appeal, Cordoba contends that the sentence is procedurally flawed because the district court failed to address defense arguments at sentencing and failed to fully explain how its sentence fulfills the goals of the Sentencing Reform Act, 18 U.S.C. § 3553.  He also contends that the sentence is substantively unreasonable because the district court failed to give adequate weight to the defendant's personal characteristics, including his diminished capacity and his post-traumatic stress disorder.  We presume the parties' familiarity with the facts and procedural history of this case.

---

[*] The Honorable Denny Chin, of the United States Court of Appeals for the Second Circuit, sitting by designation.

We review a district court's "sentence for reasonableness, which is 'akin to review for abuse of discretion, under which we consider whether the sentencing judge exceeded the bounds of allowable discretion, committed an error of law in the course of exercising discretion, or made a clearly erroneous finding of fact.'" *United States v. Leslie*, 658 F.3d 140, 142 (2d Cir. 2011) (per curiam) (quoting *United States v. Williams*, 475 F.3d 468, 474 (2d Cir. 2007)). "A district court commits procedural error where it fails to calculate the Guidelines range (unless omission of the calculation is justified)," "makes a mistake in its Guidelines calculation," "treats the Guidelines as mandatory," "does not consider the § 3553(a) factors," "rests its sentence on a clearly erroneous finding of fact," or "fails adequately to explain its chosen sentence." *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc) (citation omitted). Where the Court determines that there was no procedural error in a district court's sentencing, it "then considers the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard, taking into account the totality of the circumstances." *United States v. Rigas*, 583 F.3d 108, 121 (2d Cir. 2009) (internal quotation marks omitted). Although we do not presume that a sentence within the Guidelines range is reasonable, *United States v. Dorvee*, 616 F.3d 174, 183 (2d Cir. 2010), a district court's substantive findings will be set aside only "in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions," *Cavera*, 550 F.3d at 189 (internal quotation marks omitted).

The defendant first argues that the district court procedurally erred by failing to adequately consider certain factors enumerated in 18 U.S.C. § 3553(a). Specifically, he argues that the district court ignored all evidence that he was suffering from post-traumatic stress disorder. This argument is unavailing. As an initial matter, "there is no requirement that the

3

court mention the required factors, much less explain how each factor affected the court's decision." *United States v. Banks*, 464 F.3d 184, 190 (2d Cir. 2006). Moreover, in this particular case, the record reflects that the district court did consider all of the defendant's arguments regarding his psychological disorders. Indeed, the district court stated that it had read the submissions of the psychologists who evaluated Cordoba, but that it was "not persuaded that there was anything other than complete volition here." J.A. 174.

The district court also addressed the other factors raised by the defense, including the possibility of future prosecution in Panama, whether the terrorism enhancement overstated Cordoba's culpability, the seriousness of the offense, and the sentences imposed on other defendants in similar circumstances. In addition to specifically addressing all of the arguments made by the defendant, the district court expressly stated that it had "considered all of the statutory factors," had "read both psychologists' reports carefully," and had "taken into account . . . [t]he submissions by the parties, the pre-sentence report" and the arguments advanced by the parties at the sentencing proceeding. *Id.* at 171-72, 74. Accordingly, we reject Cordoba's challenge to the procedural reasonableness of his sentence.

Having concluded that the sentence is procedurally reasonable, we next turn to the defendant's contention that the sentence is substantively unreasonable. Cordoba argues that the sentence is unreasonably harsh in light of various factors, including his family circumstances, his psychological disorders, and the fact that he potentially faces an additional ten year sentence due to pending charges in Panama. We disagree. All of these factors were properly considered by the district court and while certain factors may militate in the defendant's favor, the district court was entitled to conclude that other factors, including the fact that the defendant provided

4

military-grade weapons to a known, violent terrorist organization, warranted a harsher sentence. Accordingly, we conclude that the sentence is within the "range of permissible decisions" that the district court was entitled to make. *Cavera*, 550 F.3d at 191.

We have considered all of the defendant's remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK