11-2185-cr
United States v. Drayer

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of October, two thousand twelve.

PRESENT:
> JON O. NEWMAN,
> GERARD E. LYNCH,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

---

United States of America,

*Appellee,*

v.                                                           11-2185-cr

Barry Drayer,

*Defendant-Appellant*.

---

FOR DEFENDANT-APPELLANT:      Barry Drayer, *pro se*, Otisville, New York.

FOR APPELLEE:                 David C. James and Steven L. Tiscione, Assistant United States Attorneys, *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Arthur D. Spatt, *Judge*).

**UPON DUE CONSIDERATION**, it is hereby **ORDERED**, **ADJUDGED**, **AND DECREED** that the May 2011 judgment of the district court, as amended in August 2011, is **AFFIRMED**.

Defendant-Appellant Barry Drayer appeals from the judgment of the district court entered May 27, 2011, and amended on August 12, 2011, sentencing him principally to a term of imprisonment of 114 months, a term of supervised release of three years, and restitution in the amount of $4,338,940.07.

Drayer challenges: (1) his sentence, and particularly the finding that his United States Sentencing Guidelines offense level was 32; (2) the special condition on his term of supervised release that he not be employed in "brokering financial deals for doctors"; and (3) the restitution amount. Drayer further argues that the Government breached an earlier agreement to limit the amount of loss attributable to his offense to $12.5 million, and that the Government violated its obligations under Brady v. Maryland, 373 U.S. 83 (1963). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review a sentence for reasonableness, which is akin to review for abuse of discretion, under which we consider whether the sentencing judge exceeded the bounds of allowable discretion, committed an error of law in the course of exercising discretion, or made a clearly erroneous finding of fact." United States v. Leslie, 658 F.3d 140, 142 (2d Cir. 2011) (internal quotation marks omitted). "The law is well established that if, as a tactical matter, a party raises no objection to a purported error, such inaction constitutes a true waiver which will

2

negate even plain error review." United States v. Quinones, 511 F.3d 289, 321 (2d Cir. 2007) (internal quotation marks omitted).

At the re-sentencing hearing, the Government offered to agree to a loss amount of $2.5 million to $7 million, with a corresponding Guidelines offense level of 32, rather than dispute the amount of loss. The Government represented that, even if the district court continued with a scheduled hearing pursuant to United States v. Fatico, 603 F.2d 1053 (2d Cir. 1979), to determine the loss amount and Drayer prevailed on every issue, Drayer's lowest possible Guidelines offense level was 32. Drayer, who was proceeding pro se, stated that he had discussed the Government's concession with stand-by counsel, understood the stipulation, and agreed to the offense level of 32. Drayer thus waived any challenge to the offense level, notwithstanding his current arguments regarding the calculation of the loss amount. See Quinones, 511 F.3d at 321; United States v. Jackson, 346 F.3d 22, 24 (2d Cir. 2003) (holding that objection to an adjustment to the offense level was waived where counsel conceded that the adjustment applied).

Drayer failed to object to the district court's imposition of a ban on his ability to "broker[] financial deals for doctors" as a condition of supervised release, and we thus review the district court's action for plain error. See United States v. Villafuerte, 502 F.3d 204, 207 (2d Cir. 2007) ("[I]issues not raised in the trial court because of oversight, including sentencing issues, are normally deemed forfeited on appeal unless they meet our standard for plain error."). A district court can impose a condition of supervised release that is "reasonably related" to, inter alia, "the nature and circumstances of the offense and the history and characteristics of the defendant." United States v. Dupes, 513 F.3d 338, 343-44 (2d Cir. 2008); see also U.S.S.G.

3

§ 5F1.5 (allowing for the imposition of occupational restrictions where "a reasonably direct relationship existed between the defendant's occupation, business, or profession and the conduct relevant to the offense of conviction"). This occupational restriction is clearly related to the underlying offenses, as Drayer was convicted of fraudulently brokering financing deals for doctors. See United States v. RW Prof'l Leasing Servs. Corp., 452 F. Supp. 2d 159, 163-71 (E.D.N.Y. 2006) (describing the nature of Drayer's offense). The restriction therefore was not plain error. Cf. United States v. Gill, 523 F.3d 107, 109 (2d Cir. 2008) (affirming a ban on the defendant providing counseling services, where he had been convicted of making false representations regarding his qualifications).

This Court earlier vacated and remanded the restitution order in this case for consideration of whether certain banks had been compensated via a civil settlement. See United States v. Drayer, 364 F. App'x 716 (2d Cir. 2010). Drayer's current challenges to the restitution order were either raised in his previous appeal or could have been raised, and are thus barred by the law of the case doctrine. See United States v. Williams, 475 F.3d 468, 475 (2d Cir. 2007). To the extent Drayer argues that the Government breached an earlier agreement to limit the loss amount to $12.5 million by seeking a higher amount upon remand, even assuming that the Government's behavior constituted a breach, Drayer was not prejudiced by the breach because the Government eventually conceded to a much lower loss amount of no more than $7 million.

Drayer alleges that the Government violated its Brady obligations by failing to turn over: (1) the records of the Margolin Law Firm with respect to their representation of several banks in related civil litigation; (2) statements by Drayer's co-conspirators that no money was missing from the company they ran with Drayer; and (3) an Ernst & Young audit of Drayer's company.

4

Drayer offers no evidence that the Government has, or at any point had, these documents, nor that his co-conspirators made these statements, but instead argues that it "makes absolutely no sense" and "defies logic and common sense" that the Government would not have obtained these documents or statements in the course of its investigation.  The Government states that it represented to the district court on multiple occasions that it did not ever have any of these documents, and that the co-conspirator statements Drayer seeks simply do not exist.  Because the record has not been sufficiently developed, we decline to consider Drayer's <u>Brady</u> claim as to the three matters listed above, which he is free to pursue in a timely petition pursuant to 28 U.S.C. § 2255.  <u>See</u> <u>United States v. Dula</u>, 989 F.2d 772, 775-76 (5th Cir. 1993) (declining to address <u>Brady</u> claim on direct appeal because of absence of record, and dismissing <u>Brady</u> claim without prejudice to defendants' right to raise the issue in a 2255 proceeding); <u>cf</u>. <u>United States v. Oladimeji</u>, 463 F.3d 152, 154 (2d Cir. 2006) (declining to consider ineffective assistance claim on direct appeal because of insufficient record, and holding that defendant could "raise those claims in the district court by petition under § 2255"); <u>United States v. Khedr</u>, 343 F.3d 96, 100 (2d Cir. 2003) (same).

To the extent that Drayer alleges a <u>Brady</u> violation premised on the Government's failure to turn over a 2005 letter from the EDNY U.S. Attorney's Office's Victim Coordinator to banks who were victimized by The Bank of New York's involvement in Drayer's fraudulent transactions, the claim is without merit, as Drayer has not shown that any prejudice ensued from the alleged failure to disclose the letter.  <u>See</u> <u>Strickler v. Greene</u>, 527 U.S. 263, 281-82 (1999) ("There are three components of a true <u>Brady</u> violation: The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must

have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued."); United States v. Rivas, 377 F.3d 195, 199 (2d Cir. 2004) (same). The letter merely notified the concerned banks that The Bank of New York had contributed $12 million towards a restitution fund, to be administered by the EDNY U.S. Attorney's Office, and that they could submit claims for restitution, minus the amount received from The Bank of New York in any private settlements. The existence of this restitution fund was well known to Drayer, and the Government's submissions to the district court regarding proposed restitution amounts for Drayer took the money Drayer's victims had received from this restitution fund into account.

We have considered all of Drayer's additional arguments and find them to be without merit. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk