United States v. Baxter

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11ᵗʰ day of April, two thousand fourteen.

PRESENT: AMALYA L. KEARSE,
         DENNIS JACOBS,
         GERARD E. LYNCH,
                        _Circuit Judges_.

- - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
         _Appellee_,

         -v.-                                    13-1961

KEITH RUTHER, AKA KIKI, ERNEST BAKER,
AKA SLAY, AKA Q., ERIC BRADLEY, AKA
LITTLE E., LEANDRO JONES, AKA GUTTA,
MATTHEW LATSON, AKA PONYTAIL, PRINTICE
LATSON, AKA CUDA, CEDRIC LEWIS, AKA
NEPHEW, JAMAR NELSON, AKA SON SON,
         _Defendants_,

ROBERT BAXTER, AKA LOW,
         _Defendant-Appellant_.
- - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANT:**     GILBERT R. PEREZ, Rochester, New York.

**FOR APPELLEE:**     JOSEPH J. KARASZEWSKI, for William J. Hochul, Jr., United States Attorney for the Western District of New York, Buffalo, New York.

Appeal from a judgment of the United States District Court for the Western District of New York (Geraci, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Robert Baxter appeals from the judgment of the United States District Court for the Western District of New York (Geraci, <u>J.</u>), convicting him of conspiracy to possess cocaine with intent to distribute controlled substances, in violation of 21 U.S.C. § 846. On appeal, Baxter challenges the refusal to grant a downward adjustment of the sentence based on his time spent in state custody for a parole violation. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

"We review a [district court's] sentence for reasonableness, which is 'akin to review for abuse of discretion, under which we consider whether the sentencing

2

judge exceeded the bounds of allowable discretion, committed an error of law in the course of exercising discretion, or made a clearly erroneous finding of fact.'" United States v. Leslie, 658 F.3d 140, 142 (2d Cir. 2011) (per curiam) (quoting United States v. Williams, 475 F.3d 468, 474 (2d Cir. 2007)). "'[A] refusal to downwardly depart is generally not appealable,' and . . . review of such a denial will be available only 'when a sentencing court misapprehended the scope of its authority to depart or the sentence was otherwise illegal.'" United States v. Stinson, 465 F.3d 113, 114 (2d Cir. 2006) (per curiam) (quoting United States v. Valdez, 426 F.3d 178, 184 (2d Cir. 2005)). Contrary to Baxter's contention, the district court appropriately considered the application of U.S.S.G. § 5G1.3. The record does not reflect that the district court felt bound to reject Baxter's request for a downward adjustment; rather, the court stated that the Guidelines do not compel that the request be granted. Moreover, any expectation Baxter had of obtaining a adjustment was misplaced; no guarantees were made by the court or the prosecution regarding the applicability of § 5G1.3.

For the foregoing reasons, and finding no merit in Baxter's other arguments, we hereby **AFFIRM** the judgment of the district court.

<div style="margin-left: 50%">
FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK
</div>