# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3740

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the District |
| | * | of  North Dakota. |
| Miguel Angel Zamudio-Orosco, also | * | |
| known as Juan Zamudio-Orosco, also | * | [UNPUBLISHED] |
| known as Miguel Zamudio, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: October 22, 2010
Filed: December 23, 2010

_____

Before MURPHY, BEAM, and BENTON, Circuit Judges.

_____

PER CURIAM.

Following a jury trial, Miguel Angel Zamudio-Orosco was convicted of conspiracy to distribute more than 500 grams of a substance containing methamphetamine.  Zamudio appeals his conviction on several grounds. We affirm.

## I.    BACKGROUND

On December 11, 2008, Zamudio was charged in a one-count indictment with conspiracy to possess with intent to distribute and to distribute a controlled substance in violation of 21 U.S.C. §§ 846 and 841(a)(1). In August 2009, Zamudio was tried by a jury in federal district court. At trial, the government presented evidence of a conspiracy that occurred between January 2002 and August 2007. Several witnesses testified that Zamudio played a leadership role during the early stages of the methamphetamine-distribution conspiracy, arranging for drugs to be transported from sources in California and Washington to North Dakota where they were sold by dealers. In June 2003, Zamudio was incarcerated on a charge unrelated to the conspiracy. The government presented evidence that the conspiracy continued after Zamudio's arrest, under the leadership of Zamudio's associate Miguel "Tony" Chavez. Witnesses testified that Zamudio continued to participate in the conspiracy from jail, speaking by telephone to conspiracy members and getting a share of the drug-sale profits. Testimony also revealed that, in 2005, several conspiracy members decided that Zamudio–who was still incarcerated–should be "cut out" of the profits.

At the conclusion of a week-long trial, the jury found Zamudio guilty. On November 13, 2009, the district court[1] held a sentencing hearing and, because Zamudio had been convicted of at least two prior felonies, imposed a mandatory life sentence. Zamudio filed the instant appeal, challenging his conviction on several grounds.

---

[1]The Honorable Ralph R. Erickson, Chief Judge, United States District Court for the District of North Dakota.

## II.  DISCUSSION

Zamudio first  argues the district court erred by not instructing the jury about the availability of a conspiracy-withdrawal defense.  We review the jury instructions given by a district court for an abuse of discretion.  B & B Hardware, Inc. v. Hargis Indus., 252 F.3d 1010, 1012-13 (8th Cir. 2001).[2]  A defendant is entitled to an instruction on a defense only if the proposed instruction is supported by evidence. United States v. Adams, 401 F.3d 886, 898 (8th Cir. 2005).  Withdrawing from a conspiracy requires taking an affirmative step, either by going to authorities or communicating withdrawal in a manner reasonably calculated to reach co-conspirators.  United States v. Jackson, 345 F.3d 638, 648 (8th Cir. 2003).  Zamudio argues he withdrew from the conspiracy when he was incarcerated, but incarceration alone does not effectuate withdrawal, United States v. Perez-Guerrero, 334 F.3d 778, 782-83 (8th Cir. 2003), and the government presented evidence Zamudio continued to participate in the conspiracy from prison.  Although there is evidence that Zamudio was cut out of the conspiracy's profits in 2005, evidence that a co-conspirator ceased to be an active participant is not itself evidence of withdrawal. United States v. Zimmer, 299 F.3d 710, 718 (8th Cir. 2002).  Zamudio points to no evidence that suggests he took any affirmative step to withdrawal.  Thus, the district court did not abuse its discretion by refusing to give a withdrawal-defense instruction.

Second, Zamudio argues that there is no evidence that he was part of any conspiracy during the five years prior to his December 2008 indictment and that, therefore, there is insufficient evidence to support a conviction within the five-year statute of limitations.  Acknowledging the government's evidence that at least some

---

[2]The government argues Zamudio did not object to the final written jury instructions and, thus, we should review only for plain error. Zamudio argues that, read as a whole, the record indicates he made his opposition to the instruction clear to the trial judge and we should, therefore, review for abuse of discretion. Because the district court acted properly under either standard, we do not resolve this issue.

of his co-conspirators continued distributing methamphetamine until 2007, Zamudio argues that either there were multiple conspiracies and that he only participated in the first conspiracy, which ended in June 2003, or that if there was a single conspiracy that existed between 2002 and 2007, he withdrew from that conspiracy in June 2003. We review all evidence in the light most favorable to the verdict and reverse only if no reasonable jury could have found Zamudio guilty beyond a reasonable doubt. United States v. Shepard, 462 F.3d 847, 866-67 (8th Cir. 2006).

There is sufficient evidence to support the finding that a single conspiracy existed from 2002 to 2007. The issue of whether a single conspiracy or multiple conspiracies existed is a question for the jury. United States v. Adipietro, 983 F.2d 1468, 1475 (8th Cir. 1993). Jury Instruction Number 16 properly instructed the jury on the law regarding multiple conspiracies, and the government presented testimony showing that the purpose of the conspiracy, the location of the conspiracy, and most of the participants in the conspiracy remained constant between 2002 and 2007. The jury reasonably concluded that only one conspiracy existed. The evidence was also sufficient to support a finding that Zamudio did not withdraw and, thus, remained a member of the conspiracy until 2007. As explained above, the evidence did not support giving a withdrawal-defense instruction. A reasonable jury could have found Zamudio was a member of a conspiracy during the limitations period.

Zamudio further argues the government made improper statements during closing argument. Because Zamudio did not object to any of these statements at trial, we review only for plain error. United States v. Crawford, 523 F.3d 858, 861 n.3 (8th Cir. 2008). A prosecutor's statements are improper if they are "likely to inflame bias in the jury and to result in a verdict based on something other than the evidence." Id. at 861. None of the statements Zamudio identified were improper and certainly none were sufficiently egregious to warrant reversal under plain-error review.

Finally, although Zamudio is represented by counsel, he also submitted a pro se brief that included a number of arguments challenging his conviction and sentence. We have considered these arguments and find each to be either repetitive of the arguments addressed above or otherwise unconvincing.

## III.    CONCLUSION

For the foregoing reasons, we affirm.

_____