# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-3401

_____

United States of America

*Plaintiff - Appellee*

v.

Jamaal Curry Johnson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: September 27, 2013
Filed: December 13, 2013

_____

Before LOKEN, COLLOTON, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

A jury convicted Jamaal Curry Johnson on five counts. Two are the focus of this appeal: Count 1 charged a conspiracy to distribute controlled substances, under 21 U.S.C. §§ 841(b)(1)(C) and 846; and, Count 2 charged a conspiracy to use and carry firearms in furtherance of a drug trafficking crime, under 18 U.S.C. §§ 924(c)

and (o). The district court[1] sentenced Johnson to 240 months. He appeals, arguing that the district court improperly admitted evidence, failed to instruct the jury on withdrawal, erred in denying a mistrial for jury taint, and improperly found sufficient evidence of a conspiracy. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

I.

Johnson argues that evidence of an "amorphous neighborhood organization" was improperly admitted and thus insufficient to prove a conspiracy. Johnson did not object to this evidence. The district court's admission of this evidence is reviewed for plain error. *United States v. Big Eagle*, 702 F.3d 1125, 1130 (8th Cir. 2013). Plain error is an error that is "clear or obvious," affects "substantial rights," and "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quoting *United States v. Troyer*, 677 F.3d 356, 358-59 (8th Cir. 2012)).

A sufficiency challenge is reviewed de novo, viewing the evidence most favorably to the jury verdict. *United States v. Lee*, 687 F.3d 935, 940 (8th Cir. 2012). The jury's verdict is upheld "if there is an interpretation of the evidence that would allow a reasonable jury to find [the defendant] guilty beyond a reasonable doubt." *Id.* (quoting *United States v. Spencer*, 592 F.3d 866, 876 (8th Cir. 2010)). This court "will reverse only if the jury must have had a reasonable doubt about an essential element of the crime." *United States v. Tucker*, 137 F.3d 1016, 1033 (8th Cir. 1998).

Evidence is admissible if it is relevant, except as otherwise provided by the Constitution, a statute, or the rules of evidence. *United States v. Holmes*, 413 F.3d 770, 773 (8th Cir. 2005). "Evidence is relevant so long as it has 'any tendency,'

---

[1]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

however slight, 'to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" *Id.* (quoting **Fed. R. Evid. 401**). To prove a conspiracy, the government need not show its precise contours, only its existence and the defendant's willing participation. *United States v. Slagg*, 651 F.3d 832, 840 (8th Cir. 2011). A conspiracy may be a "loosely knit organization." *United States v. Baker*, 855 F.2d 1353, 1357 (8th Cir. 1988). Members may change over time. *Slagg*, 651 F.3d at 840. A conspiracy to distribute controlled substances may be established by the testimony of co-conspirators, which is often corroborated by investigation. *United States v. Espinoza*, 684 F.3d 766, 776 (8th Cir. 2012); *United States v. Rodriguez-Ramos*, 663 F.3d 356, 362 (8th Cir. 2011).

The district court admitted testimony from multiple witnesses that tended to show Johnson was part of an organized group—a "gang"—that distributed narcotics. Among others, a witness testified he and Johnson sold drugs daily in the early 2000s. They possessed and swapped firearms to protect their drug business. Another witness testified that Johnson, after release from incarceration in the mid-2000s, drove around with others to sell drugs. One drove, another measured drugs, while Johnson, carrying a gun, watched for rivals. Confirming these witnesses were his numerous interactions with law enforcement. He was arrested nine times between 2001 and 2008. Each arrest involved drugs. Johnson's final arrest was dramatic. His vehicle led police on a high-speed chase, with shots fired at the pursuing officer. After the car crashed, Johnson and the other occupants fled. When finally apprehended, he had drugs, a scale, and a large amount of cash.

The admission of this evidence was not an error, much less an obvious error. The evidence was sufficient to support the jury's verdict.

II.

Johnson challenges the district court's denial of his jury instruction on withdrawal. The denial of a proffered defense is reviewed de novo. ***United States v. Shinn***, 681 F.3d 924, 929 (8th Cir. 2012); *see also **United States v. Young***, 613 F.3d 735, 744 (8th Cir. 2010) (noting that "although district courts exercise wide discretion in *formulating* jury instructions, . . . when the refusal of a proffered instruction simultaneously denies a legal defense, the correct standard of review is de novo"). Johnson was incarcerated twice during the period of the conspiracy. He claims that this incarceration—which occurred five years before the indictment and thus outside the statute of limitations—relieves him from liability. *See **Smith v. United States***, 133 S. Ct. 714, 717 (2013) ("A defendant who withdraws outside the relevant statute-of-limitations period has a complete defense to prosecution."). The defendant has the burden to show affirmative steps to withdraw, even when the withdrawal claim intersects with a statute-of-limitations claim. ***Id.*** at 720.

A defendant is entitled to a jury instruction only if evidence supports his theory. ***United States v. Mercer***, 853 F.2d 630, 633 (8th Cir. 1988). Incarceration alone does not constitute withdrawal. ***United States v. Zamudio-Orosco***, 405 F. Appx. 83, 84-85 (8th Cir. 2010); ***United States v. Bowie***, 618 F.3d 802, 813 (8th Cir. 2010) (finding defendant part of a conspiracy despite being "imprisoned during the vast majority" of the conspiracy). Nor does "[p]assive nonparticipation . . . . '[T]o avert a continuing criminality' there must be 'affirmative action . . . to disavow or defeat the purpose' of the conspiracy." ***Smith***, 133 S. Ct. at 720 (quoting ***Hyde v. United States***, 225 U.S. 347, 369 (1912)). Johnson offers no evidence of any affirmative step to withdraw from the conspiracy.

Johnson believes that incarceration alone warrants a withdrawal instruction. He relies on *United States v. Cohen*, 516 F.2d 1358, 1364 (8th Cir. 1975) (Clark, J.) ("While incarceration may constitute evidence of withdrawal from a conspiracy, it is

hardly conclusive and merely creates a question for the jury."), which cited *United States v. Borelli*, 336 F.2d 376, 390 (2d Cir. 1964) ("Assuming without deciding that the unlikelihood of the other conspirators' relying for further aid on a person known to be confined for the very offense in which they were engaging makes such confinement a sufficient 'affirmative act' to sustain the defense of withdrawal in the absence of countervailing evidence . . . .").

The *Cohen* case predates *Smith*, which places the burden on defendant to demonstrate withdrawal by something more than incarceration during the limitations period. 133 S. Ct. at 718-20. Moreover, this court has not followed the dicta in *Cohen*. In *United States v. Jackson*, the defendant was not entitled to a withdrawal instruction when he "neither voluntarily ceased his involvement in the drug distribution scheme nor contacted authorities in an attempt to separate himself from [his co-conspirator]." 345 F.3d 638, 649 (8th Cir. 2003). Similarly, in *Zamudio-Orosco*, the defendant "argue[d] he withdrew from the conspiracy when he was incarcerated, but incarceration alone does not effectuate withdrawal . . . . [T]he district court did not abuse its discretion by refusing to give a withdrawal-defense instruction." 405 F. Appx. at 84-85. *See also* **United States v. Hodge**, 594 F.3d 614, 619-20 (8th Cir. 2010) (noting that "incarceration may constitute withdrawal from a conspiracy" yet still seeking "an affirmative act of withdrawal"); **United States v. Grimmett**, 236 F.3d 452, 456 (8th Cir. 2001) ("If the withdrawing conspirator severs all ties to the conspiracy and its fruits, *and* acts affirmatively to defeat the conspiracy by confessing to and cooperating with the authorities, the continuing crime is complete as to that conspirator, and the limitations period begins to run."); **United States v. Boyd**, 610 F.2d 521, 528 (8th Cir. 1979) (citing *Cohen* but concluding that "[m]ere cessation of activities is not enough" to withdraw); **United States v. Wedelstedt**, 589 F.2d 339, 349 (8th Cir. 1978) (requiring "some affirmative action tending to defeat or disavow the purpose of the scheme" to merit a withdrawal instruction (quoting **United States v. Nowak**, 448 F.2d 134, 139 (7th Cir. 1971))); **United States v. Puig-Infante**, 19 F.3d 929, 945 (5th Cir. 1994) ("Because a

defendant's incarceration is not an affirmative act on the part of a defendant, it cannot, *by itself*, constitute withdrawal or abandonment."); ***United States v. Gonzalez***, 940 F.2d 1413, 1427 (11th Cir. 1991) ("Counsel in this case have merely argued that [defendants] must have withdrawn because they were incarcerated during the latter part of the time frame of the conspiracy. However, neither arrest nor incarceration automatically triggers withdrawal from a conspiracy."). *See generally* **15A C.J.S. Conspiracy § 112** (2013) ("Generally, a conspirator's arrest or incarceration by itself is insufficient to constitute withdrawal from, or termination of involvement in, a conspiracy.").

The district court did not err in refusing to instruct the jury on withdrawal.

III.

During trial, a juror received a recorded message from St. Louis City Medium Security. The message stated that an inmate was trying to reach the juror. The juror played the message out loud in the presence of other jury members. Johnson moved for a mistrial, which the court denied.

Denial of a mistrial is reviewed for abuse of discretion. ***United States v. Sherman***, 440 F.3d 982, 987 (8th Cir. 2006). A jury may be contaminated when a juror is exposed to a relevant fact not in evidence or is subjected to psychological pressure by an outsider. ***United States v. Honken***, 541 F.3d 1146, 1167 (8th Cir. 2008); ***United States v. Tucker***, 137 F.3d 1016, 1032 (8th Cir. 1998).

Here, the recorded message did not relate to the evidence at trial, nor did it cause psychological pressure either for or against Johnson. True, the district court did find that "the majority" of the jurors felt there was no connection between the call and trial. *See id.* (finding "prejudice is possible" even if a single juror is contaminated). However, the district court questioned each juror individually about the message. No

juror "expressed any concern or reservation about continuing to serve on the jury," and each "did not feel that this phone call would affect their judgment." The district court did not abuse its discretion in denying the motion for a mistrial.

\* \* \* \* \* \* \*

The judgment of the district court is affirmed.

_____