10-5015-cr
USA v. Gouse

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of April, two thousand twelve.

Present:
> JOSEPH M. McLAUGHLIN,
> ROBERT A. KATZMANN,
> > *Circuit Judges*,
> JOHN F. KEENAN,
> > *District Judge*.[*]

---

UNITED STATES OF AMERICA,

> *Appellee*,

> > v.                                                      No. 10-5015-cr

SHAWN R. GOUSE

> *Defendant-Appellant*.

---

For Defendant-Appellant:           Georgia J. Hinde, New York, N.Y.

---

[*] The Honorable John F. Keenan, of the United States District Court for the Southern District of New York, sitting by designation.

For Appellee:                    Lisa M. Fletcher, Assistant United States Attorney, *for* Richard
                                 S. Hartunian, United States Attorney for the Northern District
                                 of New York.


        Appeal from the United States District Court for the Northern District of New York
(Suddaby, *J.*).

        **ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and

**DECREED** that the judgment of the district court is **AFFIRMED**.

        Defendant-appellant Shawn Gouse appeals from a December 2, 2010 judgment of

conviction entered by the United States District Court for the Northern District of New York

(Suddaby, *J.*), convicting him, following a guilty plea, of receiving, distributing, and possessing

child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A) & 2252A(a)(5)(B).  The district

court principally sentenced the defendant to 120 months' imprisonment.  On appeal, Gouse first

contends that the district court committed procedural error by failing to recognize its authority to

depart from the advisory child pornography Guidelines based on a policy disagreement.  He also

contends that his sentence is substantively unreasonable in light of the nature and circumstances

of his offense, his own personal history and characteristics, and the fact that similarly situated

defendants received lower sentences.  Finally, Gouse challenges the district court's imposition of

a 25-year term of supervised release.  We presume the parties' familiarity with the facts and

procedural history of this case.

        We review a district court's sentence for "reasonableness, which is 'akin to review for

abuse of discretion, under which we consider whether the sentencing judge exceeded the bounds

of allowable discretion, committed an error of law in the course of exercising discretion, or made

a clearly erroneous finding of fact.'"  *United States v. Leslie*, 658 F.3d 140, 142 (2d Cir. 2011)

2

(per curiam) (quoting *United States v. Williams*, 475 F.3d 468, 474 (2d Cir. 2007)). A district court commits "procedural error where it fails to calculate the Guidelines range (unless omission of the calculation is justified)," "makes a mistake in its Guidelines calculation," "treats the Guidelines as mandatory," "does not consider the § 3553(a) factors," "rests its sentence on a clearly erroneous finding of fact," or "fails adequately to explain its chosen sentence." *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc). Where the Court determines that there was no procedural error in a district court's sentencing, it "then considers the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard, taking into account the totality of the circumstances." *United States v. Rigas*, 583 F.3d 108, 121 (2d Cir. 2009) (internal quotation marks omitted). Although we do not presume that a sentence within the Guidelines range is reasonable, *United States v. Dorvee*, 616 F.3d 174, 183 (2d Cir. 2010), a district court's substantive findings will be set aside only "in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Cavera*, 550 F.3d at 189 (internal quotation marks omitted).

We first address the defendant's contention that the district court committed procedural error by failing to recognize its authority to depart from the Guidelines based on a policy disagreement. In *United States v. Tutty*, 612 F.3d 128 (2d Cir. 2010), we held that a district court may "consider . . . broad, policy-based challenge[s] to the child pornography Guidelines" and may deviate from the Guidelines "based solely on a policy disagreement, even where the disagreement applies to a wide class of offenders or offenses." *Id.* at 131. Of course, while the district court *may* depart from the Guidelines based on a policy agreement, the district court may also determine that the Guidelines range is appropriate in a particular case. Here, in assessing

3

whether the child pornography Guidelines were appropriate, the district court noted that "as a judge, I don't sit here and make that judgment. The law is the law and certainly it's one of the factors that I have to consider." App. 63-64. However, the district court also clearly acknowledged that the child pornography Guidelines are "advisory," and went on to suggest that it agreed with the Guidelines because "each one of these children are victims and scarred for life, much worse than any damage that you may have received during your childhood as a result of the activity that goes on because people are looking at it." *Id.* Given that we generally presume that "the district court knew and applied the law correctly," *United States v. Fernandez*, 443 F.3d 19, 30 (2d Cir. 2006) (internal quotation marks omitted), the district court's statement that the child pornography Guidelines seek to protect vulnerable children, coupled with its statement that it understood that the Guidelines are advisory, indicates that the district court, knowing that it could deviate from the Guidelines based on a policy disagreement, chose not to. Accordingly, we conclude that the district court did not commit procedural error.

Having concluded that the defendant's sentence is procedurally reasonable, we turn to whether the sentence is substantively reasonable. Gouse principally argues that his sentence is unreasonable because it is greater than the sentences that other defendants have received for similar offenses. While Gouse has identified some cases where defendants convicted of similar crimes received a lower sentence than he did, the government has identified cases where defendants convicted of similar crimes received an equal or higher sentence than Gouse did. As we have previously observed, "some departures from uniformity are a necessary cost of the *Booker* remedy." *Cavera*, 550 F.3d at 193 (internal quotation marks and brackets omitted). "[O]nce we are sure that the sentence resulted from the reasoned exercise of discretion, we must

4

defer heavily to the expertise of district judges." *Id.* Here, we cannot conclude that the fact that there are some disparities between Gouse's sentence and the sentences of other similarly situated defendants around the country makes Gouse's sentence substantively unreasonable.

Gouse further argues that the nature of his offense as well as his personal characteristics warrant a lower sentence. He notes that he is a low-level offender with no prior criminal history other than a few prior convictions related to his alcoholism. He also emphasizes that his offense was limited to downloading and retaining prohibited images, and that he never engaged in any inappropriate physical conduct with a child. Even if some of these factors militate in the defendant's favor, the district court properly considered all of the points Gouse now raises and decided to impose a below-Guidelines sentence. Notwithstanding Gouse's arguments, the district court concluded that a 120-month sentence was warranted given the seriousness of Gouse's crimes. The district court observed that, contrary to Gouse's contention, his crimes are not "victimless" because they "creat[e] a market" for child pornography and thus harm children, "scarr[ing] [them] for life." App. 63-64. In evaluating the substantive reasonableness of a particular sentence, "we do not consider what weight we would ourselves have given a particular factor. Rather, we consider whether the factor, as explained by the district court, can bear the weight assigned it under the totality of circumstances in the case." *Cavera*, 550 F.3d at 191 (internal citation omitted). Accordingly, we conclude that the defendant's below-Guidelines sentence falls "within the range of permissible decisions," *id.* at 189 (internal quotation marks omitted), and thus reject the defendant's challenge to the substantive reasonableness of his sentence.

5

We finally address Gouse's argument that the district court erred in imposing a 25-year term of supervised release. Gouse argues that this lengthy term of supervision is unwarranted because he "poses such a low risk of recidivism." Appellant Br. 38. However, in light of the fact that Gouse admitted to being addicted to child pornography, we do not find that the district court abused its discretion in sentencing Gouse to a 25-year term of supervised release, especially given that the Guidelines recommend a lifetime term of supervised release. *See* U.S. Sentencing Guidelines Manual § 5D1.2(b).

We have considered all of the defendant's remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

6