*United States v. Childress*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of September, two thousand nineteen.

PRESENT:
ROBERT A. KATZMANN,
*Chief Judge*,
DENNY CHIN,
JOSEPH F. BIANCO,
*Circuit Judges*.

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                                    No. 18-2355

CODY L. CHILDRESS,

*Defendant-Appellant*.

For Appellee United States of America:        Geoffrey J.L. Brown, Paul D. Silver, Assistant U.S. Attorneys, *for* Grant C. Jaquith, U.S. Attorney for the Northern District of New York, Albany, NY.

1

For Defendant-Appellant Cody L. Childress:    Melissa A. Tuohey, Assistant Federal Public Defender, *for* Lisa A. Peebles, Federal Public Defender, Syracuse, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Suddaby, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Cody Childress appeals from a final judgment entered by the district court (Suddaby, *C.J.*) on August 8, 2018, following his guilty plea to a single count each of receipt and possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A), (a)(5)(B), for which he was sentenced to a term of 84 months' imprisonment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

When reviewing a sentence, "our standard is reasonableness, a particularly deferential form of abuse-of-discretion review that we apply both to the procedures used to arrive at the sentence (procedural reasonableness) and to the length of the sentence (substantive reasonableness)." *United States v. Broxmeyer*, 699 F.3d 265, 278 (2d Cir. 2012).[1] Childress challenges only the latter.[2] On a substantive reasonableness challenge, "we take into account the totality of the circumstances, including the extent of any variance from the Guidelines range."

---

[1] Unless otherwise indicated, case quotations omit all internal quotation marks, alterations, footnotes, and citations.

[2] The last sentence of Childress's brief claims that the district court "failed to explain why a seven-year sentence, rather than a five-year sentence, was necessary to 'reflect the seriousness of the offense,' 'afford adequate deterrence,' and 'protect the public from further crimes of the defendant.'" Appellant's Br. 23 (quoting 18 U.S.C. § 3553(a)(2)(A)-(C)). To the extent such statements could be construed as a procedural reasonableness challenge, "[t]his one-sentence argument is insufficient to raise the issue for review before this Court" and the claim is therefore forfeited. *Viacom Int'l, Inc. v. YouTube, Inc.*, 676 F.3d 19, 40 n.14 (2d Cir. 2012).

*United States v. Douglas*, 713 F.3d 694, 700 (2d Cir. 2013). "We set aside a district court's sentence as substantively unreasonable only if affirming it would damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *Id.*

Childress raises two arguments. First, he says that his below-Guidelines sentence is substantively unreasonable "because the district court's starting point was the irrational guideline of U.S.S.G. § 2G2.2, which the district court failed to properly treat." Appellant's Br. 14. Second, Childress claims the court passed down a sentence that was greater than necessary given his pretrial supervision conduct and lack of criminal history. Neither claim succeeds.

Childress's argument regarding the Guidelines relies almost exclusively on *United States v. Dorvee*, 616 F.3d 174 (2d Cir. 2010), and *United States v. Jenkins*, 854 F.3d 181 (2d Cir. 2017). Both cases expressed grave concerns about U.S.S.G. § 2G2.2, "a Guideline that is fundamentally different from most and that, unless applied with great care, can lead to unreasonable sentences that are inconsistent with what [18 U.S.C.] § 3553 requires." *Dorvee*, 616 F.3d at 184; *accord Jenkins*, 854 F.3d at 188. The thrust of *Dorvee* and *Jenkins* is that district courts should "take seriously the broad discretion they possess in fashioning sentences under § 2G2.2," to avoid irrationally high sentences. *Dorvee*, 616 F.3d at 188.

The district court here appears to have taken this Court's hint. As a result, Childress's sentence differs in significant ways from those declared substantively unreasonable in *Dorvee* and *Jenkins*. Unlike in those cases, Childress's 121 to 151-month Guidelines range did not approach the 240-month statutory maximum for each of his two convictions. *See* 18 U.S.C. § 2252A(b)(1). The district court then varied downward by 37 months, such that Childress received a sentence (84 months) that was around one-third the statutory maximum. This Court

3

has rejected substantive reasonableness challenges by numerous defendants who were convicted of possession or receipt of child pornography and received sentences similar to or higher than Childress's, even after *Dorvee* and *Jenkins*. *See, e.g.*, *United States v. Hasse*, 526 F. App'x 8, 11 (2d Cir. 2013) (84 months); *United States v. Gouse*, 468 F. App'x 75, 77-78 (2d Cir. 2012) (120 months); *United States v. Chow*, 441 F. App'x 44, 46 (2d Cir. 2011) (84 months).

Nor does the district court's sentence risk creating a sentencing disparity. *See Jenkins*, 854 F.3d at 193 (stating that Jenkins's sentence "created the type of unwarranted sentence disparity that violates § 3553(a)(6)"). The Sentencing Commission's 2017 report on sentencing patterns, the latest that would have been available to the district court, showed that the median sentence for a child pornography offense for a defendant with a criminal history category of I was 84 months, precisely the sentence Childress received. *See* U.S. Sentencing Comm'n, *2017 Sourcebook of Federal Sentencing Statistics* tbl.14, https://www.ussc.gov/research/sourcebook-2017. The median sentence for those convicted of sexual abuse in Childress's criminal history category was significantly higher, at 120 months. *See id.* Likewise, the Commission's 2012 report to Congress on child pornography sentences found that the average sentence for defendants convicted of receipt of pornography in 2010 was 81 months. *See* U.S. Sentencing Comm'n, *2012 Report to Congress: Federal Child Pornography Offenses* 215 fig.8-3, https://www.ussc.gov/research/congressional-reports/2012-report-congress-federal-child-pornography-offenses. Childress is thus in a quite different situation from the defendant in *Jenkins*, whose sentence fell well above the means and medians for pornography and sex abuse convictions at the time. *See Jenkins*, 854 F.3d at 193-94.

Childress is left, then, with his general argument that his sentence was too high given his personal characteristics. He focuses primarily on his compliance with the restrictions on his

pretrial release, which he argues shows that he is unlikely to recidivate and that the conditions imposed as part of his post-prison supervised release will suffice to address any concerns about public safety. Childress insists that there is therefore no need for imprisonment beyond the statutorily required five years. However, the district court considered Childress's conduct on pretrial release and cited his compliance as one of its reasons for departing downward from the Guidelines range.

Childress also points to a number of other aspects of his background, some of which the court also cited in its decision to vary downward, and others of which were part of the record the court broadly indicated it had considered but were not among the reasons the court cited. But "[t]he particular weight to be afforded aggravating and mitigating factors is a matter firmly committed to the discretion of the sentencing judge." *Broxmeyer*, 699 F.3d at 289. Moreover, the five-year sentence Childress seeks is the mandatory *minimum* for his receipt of child pornography conviction. He therefore effectively asks us to "declare, as a matter of law, that the statutory minimum is the substantively reasonable maximum in his case, thereby denying the district judge who . . . interacted directly with [Childress] . . . the discretion to assign any weight to possible aggravating factors." *Id.* at 289-90. Such a declaration would clash fundamentally with our deferential standard of review.

We have considered all of Childress's contentions on appeal and have found in them no basis for vacatur. For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

5