22-1145-cr
*United States v. Alvarez-Espinal*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of October, two thousand twenty-three.

PRESENT:
> JOSEPH F. BIANCO,
> EUNICE C. LEE,
> ALISON J. NATHAN,
>     *Circuit Judges*.

———————————————————————

United States of America,

> *Appellee*,

> v.                                                                              22-1145-cr

Joel Alvarez-Espinal, AKA Sealed Defendant 1,

> *Defendant-Appellant*.

———————————————————————

FOR DEFENDANT-APPELLANT:      Darrell Fields, Of Counsel, Federal Defenders of New York, Inc., Appeals Bureau, New York, NY.

FOR APPELLEE:      Matthew R. Shahabian, Hagan Scotten, Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Cote, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Joel Alvarez-Espinal appeals from the district court's judgment, entered on May 17, 2022, following his guilty plea to illegal reentry into the United States after having been removed from the United States subsequent to conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2). On May 17, 2022, the district court sentenced him to sixty-four months' imprisonment, to be served concurrently with his state sentence for criminal sale of a controlled substance, to be followed by three years of supervised release. On appeal, Alvarez-Espinal challenges the substantive reasonableness of his sixty-four-month sentence. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

We review this challenge to the substantive reasonableness of the sentence under a deferential abuse-of-discretion standard. *See Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766 (2020); *accord United States v. Cossey*, 632 F.3d 82, 86 (2d Cir. 2011) (per curiam). "A sentencing judge has very wide latitude to decide the proper degree of punishment for an individual offender and a particular crime." *United States v. Cavera*, 550 F.3d 180, 188 (2d Cir. 2008) (en banc). This Court does not "substitute [its] own judgment for the district court's on the question of what is sufficient to meet the § 3553(a) considerations in any particular case but will instead set aside a district court's *substantive* determination only in exceptional cases where the trial court's

decision cannot be located within the range of permissible decisions." *United States v. Ingram*, 721 F.3d 35, 37 (2d Cir. 2013) (per curiam) (internal quotation marks and citation omitted). Our review provides "a backstop for those few cases that, although procedurally correct, would nonetheless damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009). Moreover, although there is no presumption that a sentence within the Guidelines range is reasonable, this Court has stated "that in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006), *abrogated on other grounds by Rita v. United States*, 551 U.S. 338 (2007).

Alvarez-Espinal argues that his sentence is substantively unreasonable because the term of imprisonment "is greater than necessary given the relevant sentencing factors, including the nature and circumstances of the offense . . . and his history and characteristics." Appellant's Br. at 26 (internal quotation marks omitted). Additionally, he contends that the district court should not have relied upon the illegal reentry Guideline, U.S.S.G. § 2L1.2, because it is "harsh and arbitrary" and "yielded an unreasonable sentencing range in this case." *Id*. at 34. As set forth below, we conclude that the district court's imposition of a sixty-four-month sentence, which is below the applicable advisory Guidelines range of seventy to eighty-seven months' imprisonment, was well within the district court's discretion and is substantively reasonable.

First, Alvarez-Espinal contends that his sentence would have been lower if the district court had properly considered the mitigating factors under 18 U.S.C. § 3553(a). For example, with respect to "the nature and circumstances of the offense," he noted to the district court that, although

3

he was involved in selling drugs after illegally returning to the United States and was serving a four-year term for his New York State conviction arising from that conduct, the conduct "did not involve any weapons or violence." App'x at 28. Concerning his "history and characteristics," he asserted that he "returned to the United States seeking economic opportunity so that he could better support his mother in the Dominican Republic" and "be more present for his 17-year-old son, . . . living in Yonkers." App'x at 24. Furthermore, he maintained that the pandemic made his confinement harsher than usual.

Contrary to Alvarez-Espinal's argument, the record reflects that the district court considered the nature and circumstances of the offense and his history and characteristics. Although his criminal conduct upon illegally re-entering the United States did not involve weapons or violence, the district court placed significant weight on the fact that he "has a series of drug convictions," and after "[h]e was removed from this country in 2018" for committing a federal narcotics offense, "[h]e returned illegally." App'x at 64. In addition, although Alvarez-Espinal noted that he returned to the United States to seek economic opportunity to care for his mother and be closer to his son, the district court pointed out that, upon return, he "was arrested by the NYPD [for] having returned to drug activity." *Id.* The district court emphasized that these were "the critical factors" in the case. *Id.* Moreover, the district court explicitly acknowledged that the pandemic made his conditions of confinement harsher than usual and, thus, also considered that argument.

Although Alvarez believes the mitigating factors warranted a lower sentence, "[t]he particular weight to be afforded aggravating and mitigating factors is a matter firmly committed to the discretion of the sentencing judge," *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir.

4

2012) (internal quotation marks and citation omitted), and we generally do "not second guess the weight (or lack thereof) that the judge accorded to a given factor," *United States v. Pope*, 554 F.3d 240, 247 (2d Cir. 2009) (internal quotation marks and citation omitted). Here, the district court acted within its discretion in determining that the Section 3553(a) factors warranted a sixty-four-month sentence.

We similarly disagree with Alvarez-Espinal's contention that his sentence is substantively unreasonable because the district court did not adequately consider that the "application of [U.S.S.G. § 2L1.2]," as amended in 2016, "in this case was unduly harsh because of how greatly his prior (nonviolent) crimes enhanced the offense level." Appellant's Br. at 29. At sentencing, the district court explicitly acknowledged consideration of this argument for a variance. *See* App'x at 63 ("The defendant also makes an argument for a variance . . . because [he] contends that the calculation of the sentencing guidelines has been done with double-counting—that the same facts are driving both the offense level and the criminal history category."). Separately, in recognition of the interplay between the federal offense and his most recent state conviction, the district court downwardly departed from the Guidelines range by six months (because Alvarez-Espinal was not going to receive credit for time he had already spent in federal custody while serving his four-year state sentence), and also ran this federal sentence concurrently with that state sentence.

Alvarez-Espinal maintains the district court abused its discretion because it should have varied downward (even further) because of the double-counting issue and because U.S.S.G. § 2L1.2 (as amended) is "eccentric" and "can increase the sentencing ranges for noncitizens" in a "harsh and arbitrary manner." Appellant's Br. at 29, 34. We disagree. As a threshold matter, we have explained, in an unpublished opinion, that "[u]nlike the child pornography Guideline at issue

5

in [*United States v. Dorvee*, 616 F.3d 174 (2d Cir. 2010)], which was amended by Congress without Commission consultation, the illegal reentry Guideline was amended by the Sentencing Commission after a multi-year study and extensive data collection and analysis." *United States v. Greenland*, 790 F. App'x 234, 237 (2d Cir. 2019) (summary order). Moreover, we noted that "the Sentencing Commission 'fills an important institutional role,' especially when it 'bases its determinations on empirical data and national experience'" and that "it was not inappropriate for the district court to consider the Commission's evidence-based guidelines." *Id.* (quoting *Kimbrough v. United States*, 552 U.S. 85, 109 (2007)). Alvarez-Espinal has failed to persuasively argue that our analysis in *Greenland*, albeit non-binding, was incorrect. In short, under *Kimbrough v. United States*, "while the district court *may* depart from the Guidelines based on a policy [disagreement], the district court may also determine that the Guidelines range is appropriate in a particular case." *United States v. Gouse*, 468 F. App'x 75, 77 (2d Cir. 2012) (summary order) (affirming district court decision not to vary from the child pornography Guidelines); *see also United States v. Lopez-Reyes*, 589 F.3d 667, 671 (3d Cir. 2009) ("*Kimbrough* does not require a district court to reject a particular Guidelines range where that court does not, in fact, have disagreement with the Guideline at issue."). Nor is the district court required to explain its reasoning for rejecting any policy-based challenge to a Guidelines provision. *See United States v. Thomas*, 628 F.3d 64, 72 (2d Cir. 2010) ("[W]e have rejected the notion that a district court must respond specifically to even a non-frivolous argument concerning a policy disagreement with a Guidelines enhancement."); *United States v. Bonilla*, 618 F.3d 102, 111 (2d Cir. 2010) (same). Therefore, the district court's reliance on the illegal reentry Guideline provision in this case was not unreasonable.

6

In sum, based upon the record in this case, we conclude that a sentence of sixty-four months' imprisonment was not "shockingly high," *Rigas*, 583 F.3d at 123, and we find no basis to disturb the sentence on substantive reasonableness grounds.

*        *        *

We have considered Alvarez-Espinal's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court